# EXHIBIT 1

Yongmoon Kim (NJ Atty. ID #026122011)
KIM LAW FIRM LLC
411 Hackensack Avenue, Suite 701
Hackensack, New Jersey 07601
(201) 273-7117 – Telephone & Fax
ykim@kimlf.com

Scott C. Borison, Esq. (to be admitted *pro hac vice*)
BORISON FIRM, LLC
1400 South Charles Street
Baltimore, Maryland 21230
(301) 620-1016
Scott@borisonfirm.com

*Attorneys for Plaintiff and the Proposed Class*

| | |
|---|---|
| SHANA GAFNER, *on behalf of herself and those similarly situated,*<br><br>Plaintiff,<br><br>vs.<br><br>OASIS LEGAL FINANCE, LLC d/b/a OASIS FINANCIAL;<br>OFLC, LLC;<br>OASIS STRUCTURED SETTLEMENTS;<br>OASIS FINANCIAL HOLDING COMPANY LLC;<br>OASIS FINANCIAL OPERATING COMPANY, LLC;<br>and JOHN DOES 1 to 10,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: HUDSON COUNTY<br><br>Civil Action<br><br>Docket No.<br><br>**CLASS ACTION COMPLAINT**<br>**and JURY DEMAND** |

**NATURE OF THE CASE**

1. This is a putative class action arising from Defendants Oasis Legal Finance, LLC

d/b/a Oasis Financial; OFLC, LLC; Oasis Structured Settlements; Oasis Financial Holding

Company LLC; Oasis Financial Operating Company, LLC's unlawful and usurious lending

practices, and Defendants' unlawful engagement in the consumer loan business without first

obtaining a license to engage in business as a consumer lender as required by the New Jersey Consumer Finance Licensing Act ("CFLA"),[1] at N.J.S.A. 17:11C-3. The Defendants collectively called "Oasis" regularly solicits New Jersey clients who have pending litigation claims. In connection with the litigation claims, Oasis offers what it calls a "Nonrecourse Purchase Agreement" that is a disguised loan transaction as demonstrated by the schedule of "Oasis Ownership Amount" that increases over time and is deducted from any litigation proceeds due to the consumer.

2. Defendants are not registered to do business in the State of New Jersey and have failed to be licensed under New Jersey law. As a result of Defendants' unlicensed status, the loans are void and unenforceable as of the date the Defendants took assignment of them, pursuant to the CFLA, at N.J.S.A. 17:11C-33(b).

3. Plaintiff and the putative class members are New Jersey consumers that Defendants have made loans to without the proper and necessary disclosures required by law.

4. Thus, Plaintiff brings this action on behalf of herself and a class of other New Jersey consumers who were subject to the unlawful and usurious lending by Defendants. Plaintiff and the putative class seek relief under the Truth-in-Consumer Contract, Warranty, and Notice Act, N.J.S.A. 56:12-14, et seq. ("TCCWNA") and the Consumer Fraud Act ("CFA"), including a declaratory judgment that the Defendants may not seek amounts owed on any alleged loans and seeks an injunction against these improper lending practices by Defendants.

5. Additionally, Plaintiff seeks monetary damages including treble damages under the CFA, and disgorgement based on unjust enrichment.

---

[1] N.J.S.A. 17:11C-1 to -49

## JURISDICTION AND VENUE

6. Venue is proper in Hudson County because Defendants regularly conduct business there.

## PARTIES

7. Plaintiff, Shana Gafner is a New Jersey resident and natural person.

8. At all times relevant to this lawsuit, Plaintiff was a citizen of the State of New Jersey.

9. Oasis is an entity with its principal place of business at 9525 W. Bryn Mawr, Suite 900, Rosemont Illinois 60018. It solicited transactions with Plaintiff and the class members in the State of New Jersey.

10. Defendants John Does 1 to 10 are natural persons and/or business entities all of whom reside or are located within the United States and personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw policies and procedures used by the Defendants that are the subject of this Complaint. Those defendants personally control the illegal acts, policies, and practices utilized by Defendants and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint. Those fictitious names of individuals and businesses alleged for the purpose of substituting names of defendants whose identity will be disclosed in discovery and should be made parties to this action.

11. Some or all of John Does 1-10 set the policies and practices complained of herein.

12. Some or all of John Does 1-10 were actively engaged in the practices complained of herein.

13. In this pleading, "Defendants" in the plural refers to all Defendants.

## FACTUAL ALLEGATIONS

### Allegations regarding Defendants' Consumer Loan To Gafner

14. Oasis sent a series of documents to the Plaintiff that included documents labeled as a "Consumer Disclosure," "Payment Instructions," "Credit and Information Release" and a "Nonrecourse Purchase Agreement." Despite the labels, the documents constituted a loan transaction with Plaintiff.

15. Gafner entered into the agreement with Oasis without proper licenses and disclosures required for loan transactions. Upon information and belief, the amounts charged for interest and fees exceeded the lawful maximums and the agreement was usurious.

16. This agreement constituted a "consumer loan" to Gafner who is a "borrower" as both terms are defined by the New Jersey Consumer Finance Licensing Act, N.J.S.A. § 17:11C-2.

17. The agreement set forth an open-end loan under the CFLA, N.J.S.A. § 17:11C-2.

18. The first loan advance made to Gafner under the open-end loan occurred within the 6-year period preceding the filing of this Complaint.

19. Oasis is a consumer lender as defined by the CFLA, N.J.S.A. § 17:11C-2.

20. Oasis is a consumer lender who should be licensed because it is engaged in the "consumer loan business" by making loans in amounts less than $50,000 that are used primarily for personal, family or household purposes.

21. Since Oasis failed to be licensed under the CFLA, the loan to Gafner was void *ab initio* under the CFLA.

22. Since Oasis is unlicensed, they cannot charge any interest on open-end loans since only "[a] licensee authorized to engage in the consumer loan business may make open-end

consumer loans and may contract for, and receive thereon, interest at an annual percentage rate or rates agreed to by the licensee and the borrower." N.J.S.A. § 17:11C-36.

23. Defendants did not provide the disclosure mandated by the Truth in Lending Act ("TILA").

24. The loan to Gafner was usurious under New Jersey law.

25. Defendants failed to register to do business in the State of New Jersey.

## CLASS ACTION ALLEGATIONS

26. Plaintiff brings this action individually and as a class action on behalf of all others similarly situated pursuant to Rule 4:32 of the New Jersey Rules of Court.

27. Subject to discovery and further investigation which may require Plaintiff to modify the following class definition at the time Plaintiff moves for class certification, Plaintiff seeks certification of a class and a subclass initially defined as follows:

> **Borrower Class**: All natural persons with addresses in the State of New Jersey with whom Oasis entered into a consumer loan.
>
> **Subclass**: All members of the Borrower Class who paid any money or from whom Oasis collected any money based on a consumer loan.

### A. Allegations relating to the Borrower Class and Subclass

28. Plaintiff seeks to recover declaratory relief on behalf of the Borrower Class and attorney's fees and costs to the extent allowed by law.

29. Plaintiff seeks to recover treble damages, statutory damages, actual damages, restitution and attorney's fees costs on behalf of herself and all Borrower Class members under the claims asserted herein.

30. The Borrower Class and Subclass for whose benefit this action is brought is so numerous that joinder of all members is impracticable.

31. There are questions of law and fact common to the members of the Borrower Class that predominate over questions affecting only individuals, including but not limited to:

A. Whether Defendants are each a "consumer lender" subject to the requirements of the CFLA;

B. Whether Defendants' conduct, including entering into consumer loans with Plaintiff and those similarly situated without being licensed under and complying with the CFLA constitute an unconscionable commercial practice, deception, fraud, false promise, false pretense and/or misrepresentation in violation of the CFA at N.J.S.A. 56:8-2;

C. Whether Defendants' conduct, including entering into usurious consumer loans with Plaintiff and those similarly situated without adequate disclosures of finance charges or interest rates constitute an unconscionable commercial practice, deception, fraud, false promise, false pretense and/or misrepresentation in violation of the CFA at N.J.S.A. 56:8-2;

D. Whether Defendants' conduct, including entering into consumer loans with Plaintiff and those similarly situated without adequate disclosures of finance charges or interest rates constitute an unconscionable commercial practice, deception, fraud, false promise, false pretense and/or misrepresentation in violation of the CFA at N.J.S.A. 56:8-2;

E. Whether Defendants are each a "seller, lessor, creditor, lender or bailee" subject to the requirements of TCCWNA at N.J.S.A. 56:12-15;

F. Whether the loan agreement issued by Defendants to Plaintiff and those similarly situated is a "consumer contract, warranty, notice or sign" within the meaning of TCCWNA at N.J.S.A. 56:12-15 and N.J.S.A. 56:12-16;

G. Whether Defendants violated TCCWNA;

H. Whether Plaintiff and those similarly situated are entitled equitable relief including a declaration that the Defendants' lending activities are unlawful and the loans are void *ab initio*;

I. The amounts that the Borrower Class and Subclass are entitled to recover from Defendant for damages (including statutory, actual, and treble damages), disgorgement, and restitution.

32. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. A class action will cause an orderly and expeditious administration of the claims of the Borrower Class and

Subclass and will foster economies of time, effort and expense by avoiding thousands of individual suits that will be based on the same legal theories that can be resolved in a single proceeding.

33. Plaintiff's claims are typical of the claims of the members of the Borrower Class and the Subclass.

34. The questions of law and/or fact common to the members of the Borrower Class and Subclass predominate over any questions affecting only individual members.

35. Plaintiff does not have interests antagonistic to those of the Borrower Class and Subclass.

36. The Borrower Class and Subclass are readily identifiable. The Defendants have records of each account and their loans and collections.

37. Plaintiff will fairly and adequately protect the interests of the Borrower Class and Subclass, and have retained competent counsel experienced in the prosecution of consumer class action litigation. Proposed Class Counsel have investigated and identified potential claims in the action; have a great deal of experience in handling class actions, other complex litigation, and claims of the type asserted in this action.

38. The prosecution of separate actions by individual members of the Borrower Class and Subclass would run the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for the Defendants in this action or the prosecution of separate actions by individual members of the class would create the risk that adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests. Prosecution as a class action will eliminate the possibility of repetitious

litigation.

39.     Plaintiff does not anticipate any difficulty in the management of this litigation. Plaintiff's counsel includes counsel who has tried similar claims for a class before a jury.

## FIRST COUNT
### Declaratory Judgment and Injunctive Relief for the Borrower Class

40.     Plaintiff repeats and realleges all prior allegations as if set forth at length herein.

41.     Defendants' lending without adequate disclosures and upon usurious terms, and unlicensed status are unlawful and constitute unconscionable commercial practices and otherwise violate the Consumer Fraud Act at N.J.S.A. 56:8-2.

42.     Plaintiff suffered ascertainable loss from Defendants' CFA violations.

43.     Plaintiff therefore has standing to seek injunctive and other equitable relief under the CFA, at N.J.S.A. 56:8-19.

44.     Moreover, under TCCWNA, Plaintiff and the putative Borrower Class members are entitled to equitable relief including "the right to petition the court to terminate a contract which violates the provisions of section 2 of this act and the court in its discretion may void the contract." N.J.S.A. 56:12-17.

45.     Moreover, under the Uniform Declaratory Judgments Law at N.J.S.A. 2A:16-53, the Plaintiff and the putative Borrower Class members are entitled to a declaratory judgment that the accounts created by Defendant's lending actions are unlawful.

46.     The Plaintiff and the Borrower Class are entitled to a declaratory judgment that the Defendant's interest and other charges are unlawful.

47.     The Defendants and their agents or others acting on their behalf should be enjoined from any further action to collect amounts not owed because of unlawful acts or interest or fees in excess of the amounts allowed by law.

**WHEREFORE**, as to Count One, Plaintiff, on behalf of herself and the Borrower class members, hereby requests a Judgment against Defendants,

a. Granting class certification for class-wide equitable relief under R. 4:32-1(b)(2), and issuing a declaratory judgment applicable to the Plaintiff and putative Class, pursuant to the CFA, TCCWNA, and the Uniform Declaratory Judgments Law at N.J.S.A. 2A:16-53, ruling that Defendants lack the capacity to seek enforcement of any of the Plaintiff's or putative class members' loans;

b. Granting a permanent injunction against the Defendants, pursuant to the CFA and TCCWNA, at N.J.S.A. 56:8-19, prohibiting them from making any further attempts to engage in consumer lending without making proper disclosures of finance charges;

c. Directing the Defendants to provide equitable notice relief pursuant to the CFA, providing for notice to Class members of the declaratory and injunctive ruling.

d. Awarding Plaintiff's counsel reasonable attorneys' fees and costs under the CFA and TCCWNA;

e. For such other and further relief as the Court deems equitable and just.

## SECOND COUNT
**Damages under the Consumer Fraud Act on behalf of Plaintiff and the Borrower Class**

48. Plaintiff repeats and realleges all prior allegations as if set forth at length herein.

49. Defendants are "person[s]" within the meaning of the CFA at N.J.S.A. 56:8-1.

50. Plaintiff and those similarly situated obtained "services" within the meaning of the CFA at N.J.S.A. 56:8-1.

51. Defendants engaged in unconscionable commercial practices, deception, fraud, false promises, false pretenses and/or misrepresentations in connection with the sale of services

in violation of the CFA at N.J.S.A. 56:8-2.

52. Defendants engaged in unconscionable commercial practices, deception, fraud, false promises, false pretenses and/or misrepresentations in the subsequent performance of the sale of services in violation of the CFA at N.J.S.A. 56:8-2.

53. Defendants committed unconscionable commercial practices, deception, fraud, false promises, false pretenses and/or misrepresentations in direct violation of the CFA at N.J.S.A. 56:8-2 by:

   a. Making loans without proper disclosures of the finance charges for the open-end loans including mandatory disclosures under the Truth in Lending Act;

   b. Making consumer loans when it does not have a license under the CFLA;

   c. Making usurious loans;

   d. Representing, explicitly or impliedly, in documents and related communications with Plaintiff and those similarly situated that they had the right to collect the amounts claimed to be and interest or fees on open end consumer loans; and

   e. Demanding and accepting payments from Plaintiff and those similarly situated on the open-end consumer loans;

54. As a result of Defendants' unlawful actions, Plaintiff and the Borrower Class members suffered ascertainable loss from Defendant's CFA violations in the amount monies allegedly owed, collected, and/or paid on the void accounts, entitling them to treble damages under the CFA, at N.J.S.A. 56:8-19.

**WHEREFORE**, as to Count Two, Plaintiff, on behalf of herself and the putative Borrower Class members, hereby requests a Judgment against Defendants,

   a. Granting class certification of the Borrower Class under R. 4:32-1(b)(3);

b. Awarding treble damages under the CFA, at N.J.S.A. 56:8-19;

c. Awarding a refund of all moneys collected under the CFA, at N.J.S.A. 56:8-2.11;

d. Awarding Plaintiff's counsel reasonable attorneys' fees and costs under the CFA, at N.J.S.A. 56:8-19;

e. For pre-judgment and post-judgment interest; and

f. For such other and further relief as the Court deems equitable and just.

### THIRD COUNT
### Unjust Enrichment
### Disgorgement on behalf of Plaintiff and the Borrower Subclass

55. Plaintiff repeats and realleges all prior allegations as if set forth at length herein.

56. The Defendants have been unjustly enriched by the funds that they have received from the Plaintiff and Subclass under open end consumer loans that were not properly made or disclosed.

57. The funds collected by Defendants have conferred a benefit on the Defendants.

58. Defendants know that that they received a benefit by receiving funds from the Plaintiff and Subclass members.

59. Defendants' retention of the benefits conferred on them by the Plaintiff and Subclass based on illegally obtained accounts and judgments would be unjust.

60. Defendants should be ordered to disgorge or provide restitution to the Plaintiff and the Subclass.

61. The disgorgement or restitution should include any profits or other benefits enjoyed by the Defendants as a result of the receipt of the Plaintiff and Subclass's funds.

**WHEREFORE**, as to Count Three, Plaintiff, on behalf of herself and the putative Subclass members, hereby requests a Judgment against Defendants,

a. Granting class certification of the Subclass under R. 4:32-1(b)(3);

b. A money judgment for restitution or disgorgement of all amounts collected by the Defendants from the Plaintiff and Subclass including any profits or other benefit enjoyed by Defendants as a result of receiving and using the funds from them;

c. For compensatory damages.

d. For nominal damages.

e. For consequential damages.

f. For attorney's fees, litigation expenses and costs in connection with this action;

g. For pre-judgment and post-judgment interest; and

h. For such other and further relief as the Court deems equitable and just.

### FOURTH COUNT
### Damages under the Truth-in-Consumer Contract, Warranty and Notice Act
### On behalf of Plaintiff and the Borrower Class

62. Plaintiff repeats and realleges all prior allegations as if set forth at length herein.

63. Defendants violated the Truth-in-Consumer Contract, Warranty and Notice Act, N.J.S.A. 56:12-14, *et seq*.

64. TCCWNA prohibits creditors and other businesses from using contracts or notices in transactions with consumers that contain provisions that violate the consumer's rights or the business's responsibilities under New Jersey or federal law.

65. Plaintiff and others similarly situated are consumers under TCCWNA.

66. Oasis is a seller, creditor, and or assignee under TCCWNA.

67. The series of documents including the "Consumer Disclosure," "Payment Instructions," "Credit and Information Release," and "Nonrecourse Purchase Agreement" constitutes a contract under the TCCWNA.

68. The series of documents including the "Consumer Disclosure," "Payment

Instructions," "Credit and Information Release," and "Nonrecourse Purchase Agreement" that Plaintiff and others similarly situated entered into violate the clearly established rights of a consumer under New Jersey law, including the federal TILA, New Jersey usury laws, the CFLA, and the CFA.

69. The series of documents including the "Consumer Disclosure," "Payment Instructions," "Credit and Information Release," and the "Nonrecourse Purchase Agreement" that Plaintiff and others similarly situated entered into demanded interest and fees in excess of the amount permitted by New Jersey law, what was commercially reasonable or in good faith under the circumstances, and New Jersey law.

70. Plaintiff and others similarly situated were harmed (aggrieved) by the series of documents including the "Consumer Disclosure," "Payment Instructions," "Credit and Information Release," and "Nonrecourse Purchase Agreement" which demanded unlawful amounts for interest and fees as it exceeded the lawful maximums.

71. Plaintiff and all others similarly situated are thus entitled to statutory damages of at least $100 per document and actual damages plus attorneys' fees, and costs pursuant to TCCWNA at N.J.S.A. 56:12.

**WHEREFORE,** Plaintiff, on behalf of herself and the Borrower Class, respectfully prays for relief as follows:

a. Granting class certification of the Borrower Class under R. 4:32-1(b)(3).

b. For a declaratory judgment that Defendants violated TILA, New Jersey usury laws, CFLA, the Consumer Fraud Act, N.J.S.A. 56:8-1 et seq., the Truth-in-Consumer Contract, Warranty and Notice Act, N.J.S.A. 56:12-14 et seq.

c. For injunctive relief prohibiting Defendants from carrying out future violations similar to the violations alleged herein.

d. For injunctive relief prohibiting Defendants or its successors in interest from collecting balances or collecting on judgments obtained from members of the Borrower Class and Subclass.

e. For an order of restitution in an amount to be determined at trial to restore to all affected obligors all money acquired by Defendants or its successors in interest by means of its unlawful, unfair and fraudulent practices and all interest and profit earned thereon.

f. For actual damages.

g. For maximum statutory damages pursuant to the Truth-in-Consumer Contract, Warranty and Notice Act, N.J.S.A. 56:12-14 et. seq.; and all other applicable statutes.

h. For reasonable attorney's fees and costs of suit in connection with this action pursuant to N.J.S.A. 56:12-17, and all other applicable statutes.

i. For pre-judgment and post-judgment interest.

j. For such other and further relief as the Court deems equitable and just.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues subject to trial by jury.

## NOTICE TO ATTORNEY GENERAL

A copy of this Complaint will be e-mailed to the Attorney General of the State of New Jersey within twenty-four hours after the filing with the Court, pursuant to N.J.S.A. 56:8-20.

**DESIGNATION OF TRIAL COUNSEL**

Pursuant to Rule 4:25-4, Yongmoon Kim is designated as trial counsel for Plaintiff.

**CERTIFICATION**

Pursuant to Rule 4:5-1, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any action pending in any court or the subject of a pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated.

I further certify that I know of no party who should be joined in this action at this time.

I hereby certify that pursuant to Rule 1:38-7: All confidential identifiers of the parties to this action have been redacted from all documents or pleadings submitted to the Court.

Dated: January 4, 2023                    KIM LAW FIRM LLC

                                          */s/ Yongmoon Kim*
                                          Yongmoon Kim
                                          *Attorneys for Plaintiff*