UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**Not for Publication**

| | |
|---|---|
| SHANA GAFNER, on behalf of herself and those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>OASIS LEGAL FINANCE, LLC d/b/a OASIS FINANCIAL; OFLC, LLC; OASIS STRUCTURED SETTLEMENTS; OASIS FINANCIAL HOLDING COMPANY, LLC; OASIS FINANCIAL OPERATING COMPANY, LLC, and JOHN DOES 1 to 10,<br><br>Defendants. | Civil Action No. 23-cv-581 (MEF)(AME)<br><br>**OPINION and ORDER** |

For the purposes of this brief Opinion and Order, the Court assumes full familiarity with the facts and procedural history of this case.

The Defendants[1] move to dismiss. (Docket Entry 26). The motion is granted.

\*   \*   \*

The Plaintiff[2] sued on behalf of a putative class that allegedly received a loan from the Defendants. See Class Action Complaint

---

[1] Each Defendant has moved to dismiss, with the exception of the John Doe Defendants. They have not been named or appeared.

[2] The Plaintiff is Shana Gafner, suing on behalf of a putative class.

and Jury Demand ("Complaint") ¶¶ 3-4.

The relevant loan agreements each contained a forum selection clause, which required the Plaintiff to litigate any disputes "exclusive[ly]" in Cook County, Illinois. See Memorandum of Law in Support of Defendants' Motion to Dismiss Plaintiff's Class Action Complaint ("Motion to Dismiss"), Exs. A-C ¶ 6.5.[3]

The Defendants' motion to dismiss focuses on this clause, arguing the Plaintiff may only proceed in Cook County. See Motion to Dismiss at 2-3.

The Plaintiff responds that the forum selection clause should not be enforced. See Plaintiff's Opposition to Defendants' Motion to Dismiss ("Opposition Brief") at 2-3.

\*    \*    \*

Subject matter jurisdiction here is based on the diversity statute. See Notice of Removal ¶¶ 6-8, 11-19. And "federal law controls the question of whether to enforce a forum selection clause," In re Mcgraw-Hill Global Educ. Holdings LLC, 909 F.3d 48, 58 (3d Cir. 2018), where jurisdiction rests on diversity. See Jones v. GNC Franchising, Inc., 211 F.3d 495, 497 (9th Cir. 2000); Jumara v. State Farm Ins. Co., 55 F.3d 873, 877 (3d Cir. 1995); Anchortex Corp. v. Capitol Supply, Inc., 2016 WL 5858656, at \*2 (D.N.J. Oct. 6, 2016); Ramada Worldwide Inc. v. SB Hotel Mangement Inc., 2015 WL 758536, at \*3 (D.N.J. Feb. 23, 2015).

Under federal law, "[a] forum selection clause is enforceable only if it is mandatory --- providing the sole forum available for resolution of the claims, rather than permissive --- providing one of many possible fora." Nitterhouse Concrete Prod., Inc. v. Dobco Grp., Inc., 305 F. Supp. 3d 580, 587 (D.N.J. 2018); Union Steel Am. Co. v. M/V Sanko Spruce, 14 F. Supp. 2d 682, 687 (D.N.J. 1998); see generally Wall St. Aubrey

---

[3] The Plaintiff did not include the underlying loan agreements in the complaint, but the Defendants attached them as part of their motion to dismiss. See Motion to Dismiss, Exs. A-C. The Court "may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). That is the case here. The Plaintiff's claims are "based on" the loan agreements. And no one "[]dispute[s]" their authenticity or argues they cannot be considered.

2

Golf, LLC v. Aubrey, 189 F. App'x 82, 85 (3d Cir. 2006) (mandatory forum selection clauses are presumptively valid); cf. Dawes v. Publish Am. LLLP, 563 F. App'x 117, 118 (3d Cir. 2014).

The forum selection clause at issue here is mandatory. The clause:

> THE PARTIES HEREBY IRREVOCABLY AND UNCONDITIONALLY CONSENT TO SUBMIT TO THE EXCLUSIVE JURISDICTION OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS FOR ANY DISPUTES, CLAIMS OR OTHER PROCEEDINGS ARISING OUT OF OR RELATING TO THIS PURCHASE AGREEMENT, OR THE RELATIONSHIPS THAT RESULT FROM THIS PURCHASE AGREEMENT, AND AGREE NOT TO COMMENCE ANY SUCH LAWSUIT, DISPUTE, CLAIM OR OTHER PROCEEDING EXCEPT IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS.

Motion to Dismiss, Exs. A-C ¶ 6.5.

"Federal law presumes forum selection clauses to be valid, but that presumption is overcome where the resisting party shows that enforcement would be unreasonable under the circumstances." MacDonald v. CashCall, Inc, 883 F.3d 220, 233 n.14 (3d Cir. 2018) (cleaned up). "Enforcement is unreasonable where either the forum selected is so gravely difficult and inconvenient that the resisting party will for all practical purposes be deprived of his day in court, or the clause was procured through fraud or overreaching." Id. (cleaned up). Enforcement may also be unreasonable where it "would violate a strong public policy of the forum." Coastal Steel Corp. v. Tilghman Wheelabrator Ltd., 709 F.2d 190, 202 (3d Cir. 1983).

\* \* \*

The Plaintiff here seeks to overcome the "presumption" by "show[ing]" that enforcement would be unreasonable in four ways.

\* \* \*

The Plaintiff's first argument: the forum selection clause is void because the contract itself is. Why is the contract said to be void? Because the Defendants were not licensed to make consumer loans. See Opposition Brief at 1, 4-7. And because the loans themselves allegedly violate New Jersey's usury laws, based on certain calculations as to how the agreed-upon interest rates interact with particular New Jersey statutes. See id. at 7-9.

3

But this puts the cart (whether the contract is valid) before the horse (where that question will be answered). "[A] party cannot contest the validity of a forum selection clause by questioning the enforceability of the entire contract ... [but rather] must show that the clause itself was the product of fraud or coercion." Mathews v. Rescuecom Corp., 2006 WL 414096, at *5 (D.N.J. Feb. 16, 2006) (quoting Barbuto v. Medicine Shoppe, 166 F.Supp.2d 341, 346 (W.D. Pa. 2001). Numerous cases are to the same effect. See, e.g., Rucker v. Oasis Legal Fin., L.L.C., 632 F.3d 1231, 1237-38 (11th Cir. 2011); Muzumdar v. Wellness Int'l Network, Ltd., 438 F.3d 759, 762 (7th Cir. 2006); Afram Carriers, Inc. v. Moeykens, 145 F.3d 298, 301 (5th Cir. 1998); Shell v. R.W. Sturge, Ltd., 55 F.3d 1227, 1232 (6th Cir. 1995); Hagen v. John Doe Co., 2018 WL 1141362, at *4 (D.N.J. Mar. 2, 2018); Med. Sys., Inc. v. DeSoto Diagnostic Imaging, LLC 2002 WL 32107632, at *5 (E.D. Pa. Dec. 18, 2002).[4] Questions as to the overall enforceability of the contract are for the court identified in the mandatory forum selection clause. See Wilson v. 5 Choices, LLC, 776 F. App'x 320, 327 (6th Cir. 2019); Muzumdar, 438 F.3d at 762; Shell, 55 F.3d at 1230-32; cf. Preston v. Ferrer, 552 U.S. 346, 353 (2008) (applying a similar principle to arbitration).

\* \* \*

Second, the Plaintiff argues that enforcement of the forum selection clauses "would be an imposition of prohibitive inconvenience with no practical benefit." Opposition Brief at 14. The Plaintiff, as part of this argument, asserts that "witnesses reside in New Jersey" and "to try this matter in Illinois would be prohibitively expensive[.]" Id. at 17-18.

But the Third Circuit has set a high bar. A plaintiff must show that the "forum selected is so gravely difficult and inconvenient that the resisting party will for all practical purposes be deprived of his day in court." MacDonald, 883 F.3d at 233 n.14 (cleaned up).

The Plaintiff's arguments are not developed enough to meet this test. See generally, e.g., Palmer v. Advent Prod. Dev., Inc., 2009 WL 10689699, at *3 (D.N.J. Mar. 31, 2009); see also Effron v. Sun Line Cruises, Inc., 67 F.3d 7, 11 (2d Cir. 1995); Gamayo

---

[4] There are no allegations here that the forum selection clause was procured through fraud.

4

v. Match.com LLC, 2011 WL 3739542, at *5 (N.D. Cal. Aug. 24, 2011).

For example, while the Plaintiff says relevant witnesses reside in New Jersey, she does not name any such witnesses or indicate why they could not readily appear in Illinois.[5] In addition, the Plaintiff does not point to any particular documents or other evidence that it would be difficult to get into court in Illinois --- because of geographical limits on the Cook County court's subpoena power, for example, or for any other reason. Moreover, the Plaintiff provides no information about what might happen in Illinois: the discovery process (for example: do depositions need to take place in-state?); the pre-trial process (must court conferences be conducted in person or does video suffice?); or the trial itself (how long will it take?). Finally, the Plaintiff offers no information about herself ---- as to why, for her, Illinois is "so gravely difficult and inconvenient" that she "will for all practical purposes be deprived of h[er] day in court." MacDonald, 883 F.3d at 233 n.14.

\*   \*   \*

Third, the Plaintiff argues that enforcement of the forum selection clauses would be against New Jersey public policy. See Opposition Brief at 18-19 (arguing that enforcing the forum selection clause would undermine New Jersey's interest in two of its consumer-protection statutes, the Consumer Fraud Act and the Truth-in-Consumer Contract Warranty, and Notice Act).

But "New Jersey has a policy that favors the enforcement of forum selection clauses." Kowalski v. YellowPages.com, LLC, 2010 WL 3323749, at *5 (D.N.J. Aug. 18, 2010), report and recommendation adopted, 2010 WL 3810156 (D.N.J. Sept. 22, 2010). And New Jersey courts considering New Jersey consumer protection statutes routinely enforce forum selection clauses. See, e.g., Largoza v. FKM Real Est. Holdings, Inc., 474 N.J. Super. 61, 81 (App. Div. 2022) (applying forum selection clause as to New Jersey Consumer Fraud Act claims); Vercammen v. LinkedIn Corp., 2022 WL 221388, at *4 (N.J. Super. Ct. App. Div. Jan. 26, 2022) (same); Hage v. Am. Bd. of Obstetrics & Gynecology, 2020 WL 3056442, at *7 (D.N.J. June 9, 2020) (same); Wilfred MacDonald

---

[5] Indeed, it is not crystal clear that there will be a large number of New Jersey-based percipient witnesses in this case, which is focused on the legal impact of a seemingly standard-form contract.

5

Inc. v. Cushman Inc., 256 N.J. Super. 58, 66 (App. Div. 1992) (same); see also Mark IV Transp. & Logistics, Inc. v. Nat'l Indep. Contractor Ass'n, Inc., 2014 WL 69890, at *3 (D.N.J. Jan. 9, 2014); Caspi v. Microsoft Network, L.L.C., 323 N.J. Super. 118, 120 (App. Div. 1999).

\*   \*   \*

The Plaintiff's fourth and final argument is that the Defendants waived their right to enforce the forum selection clauses by removing this action to federal court. See Opposition Brief at 19-20.

But a defendant does not give up venue defenses (by means of waiver or forfeiture) by removing a case to federal court. See Greenberg v. Giannini, 140 F.2d 550, 553 (2d Cir. 1944) (L. Hand, J.). And this applies to venue defenses based on forum selection clauses. See Spectracom, Inc. v. Tyco Int'l, Inc., 124 F. App'x 75, 77 (3d Cir. 2004).

\*   \*   \*

The forum selection clause here is mandatory and the Plaintiff has not shown that it should not be enforced. Therefore, the Defendant's motion to dismiss is granted. This is without prejudice.

The Defendant has filed two additional motions. Given the dismissal of the complaint, these two motions (Docket Entries 27 and 28) are denied as moot.

It is on this 19th day of March, 2024 **SO ORDERED**.

Michael E. Farbiarz, U.S.D.J.